NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RANDY G. TRIMBLE, a.k.a. Randy
Trimble,

        Plaintiff - Appellant,

  v.

MICHAEL MONTIEL, erroneously
named as Mike Montiel; et al.,

        Defendants - Appellees.

No. 11-16391

D.C. No. 2:09-cv-02043-PGR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Arizona state prisoner Randy G. Trimble appeals pro se the district court's

judgment in his 42 U.S.C. § 1983 action alleging constitutional violations. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A (a), *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly dismissed Trimble's access-to-courts claim because Trimble failed to allege an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (access-to-courts claim requires actual prejudice to contemplated or existing litigration).

The district court properly granted summary judgment to defendant Ellis because Trimble failed to raise a genuine dispute of material fact as to whether Ellis knew that his alleged statement would create a serious risk of harm to Trimble. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to state a claim for deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

The district court properly granted summary judgment to defendant Montiel because Trimble failed to raise a genuine dispute of material fact as to whether Montiel had any involvement in Trimble's alleged underfeeding. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises

11-16391

only upon a showing of personal participation . . . .").

The district court properly granted summary judgment to defendants Sauzek and White because Trimble failed to raise a genuine dispute of material fact as to whether Sauzek and White acted with deliberate indifference to Trimble's health and safety when responding to Trimble's complaints about his mattresses. *See Farmer*, 511 U.S. at 837 ("[A] prison official cannot be found liable [for deliberate indifference] . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]").

The district court did not abuse its discretion in denying Trimble's motion for leave to file an amended complaint. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (reviewing for an abuse of discretion and stating that a district court may deny a motion for leave to amend if permitting the amendment would unduly delay the litigation or prejudice the opposing party).

The district court did not abuse its discretion in denying Trimble's motions regarding discovery. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery. . . .").

We do not consider issues raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

11-16391